Good morning, your honors. May it please the court. I am Katie Weber and I'm appearing on behalf of appellant JPMorgan Chase Bank in this case, which I will refer to from here on out as Chase. As this court is very well aware at this point, there's been a significant amount of litigation in Nevada regarding the effect of a homeowner's association's foreclosure sale on an existing first position deed of trust. And over the course of eight years of that litigation, we've learned that an HOA essentially has a split lien, which we locally, colloquially referred to as a super priority portion and a sub priority portion. And to the extent that the HOA forecloses on its super priority lien, properly forecloses on its super priority lien, then that foreclosure does have the effect of extinguishing a deed of trust even if it was recorded prior to the HOA's lien. But what we've also learned from this long year, many years of litigation is that that's not always the case. And there are factual situations where either the sale does not operate to extinguish the deed of trust, or at the very least, the sale is subject to be set aside altogether. And in this case, we actually have two of those factual scenarios. So the first one I want to talk about is the HOA's failure to provide a statutorily required notice to the beneficiary of record under the deed of trust. And in this case, that was Mortgage Electronic Registration Systems, Inc., which we often call MERS. And I will say candidly that up until about a year ago, the law on a failure to send such notice was less than clear. There were some courts that found that if a lender or beneficiary failed to show any prejudice from the notice not being sent, then no harm, no foul, the sale still extinguished their deed of trust. In other cases, courts found that the failure alone, no matter whether there was prejudice or not, was enough to void the sale altogether. And so thankfully, there was a decision that was entered last July, which is U.S. Bank versus Resources Group by the Nevada Supreme Court, which clarified some of those issues. And I will say, in this case, the parties and the district court were unfortunately without the benefit of that case, because the briefing on the motions for summary judgment below had been completed in, I believe, November of 2018. This decision didn't come out until July of 2019. And the district court unfortunately did not hold a hearing on our motions, so we didn't even get the chance to bring the case up at a hearing. And unlike this court, the district court doesn't have a mechanism for notifying them of supplemental authorities after briefings completed. So with that said, the U.S. Bank case basically says that depending on the facts, a failure to send the required notices can either render the sale void or voidable. And essentially, the sale is void altogether, if the beneficiary didn't receive actual notice of the sale, meaning some other way other than the normal millings that are supposed to be sent, and if the beneficiary was also prejudiced. Now, even if the beneficiary did receive actual notice of the sale, and if the beneficiary was prejudiced in any way, the sale could still be voidable under the U.S. Bank case. And that is largely a factual analysis under Nevada's long line of equitable cases regarding setting aside a foreclosure sale. And the gist of that line of cases is you need to show in order to set aside a foreclosure sale, both that the price paid was inadequate, and that there was some element of fraud, oppression, or unfairness attending the sale. And as any equitable proceeding, the court is tasked with balancing all of the equities. And so whether the purchaser of the sale was a bona fide purchaser... Let me just ask you a quick question. And you are saying that the price was inadequate, that there was lack of notice, so all of them have been met, right? That is what we are saying, yes. I will concede that the sale may not have been void outright here, because of, well, to the extent that it was my client's duty to establish, burden to establish prejudice, I will concede we did not establish that below. However, we believe we absolutely established that there was both an inadequate price, and that fraud, oppression, or unfairness affected the sale. And lack of notice. By lack of notice, and as I'll discuss later, due to a letter that was sent to the lender prior to the sale, indicating that the HOA's lien was subordinate to the mortgage lien. So, and I will point out too that in terms of what constitutes fraud, oppression, or unfairness, there is a case in Nevada, which we usually refer to as Shadow Canyon, which actually states in a footnote, it is dicta, but it says it's, you know, because it's a factual determination, we can't list every possible scenario that could constitute fraud, oppression, or unfairness. But two of the examples it gives there are, one, failure to send the statutorily required notice to the beneficiary of record. And one of the other examples is an HOA or its agent gives some kind of representation prior to the sale, that the sale will not extinguish the deed of trust. We have both of those here. So I, in terms of the district court. The Shadow Canyon case is not the PNC case from Nevada? Because that's a lack of notice as well, right? Right. The PNC case confirmed that MERS is actually the party that's entitled to notice. Notice, okay. Statute, right. And that then kind of slops over, if you will, to the Nevada Supreme Court case, as to whether notice is required. Correct. Yeah. So I will say, if there's any wrinkle in this case, as compared to the Faint case, that would be it that, that MERS was the beneficiary as opposed to the lender. And so the PNC case, we would argue wraps that up to the extent there's a distinguishing factor there. We, our position already below before the PNC case was entered was that MERS is the proper beneficiary under Nevada law. Since 2012, in 2012, there's a Nevada case, Edelstein, which found that MERS is a proper beneficiary when it's named in the deed of trust. It's not just a placeholder, which some other courts in other states have held. In Nevada, it's a proper beneficiary. And it is the party entitled to the notice under the HOA's report for statute. Now, I think I've covered some of my notes there. So in terms of the analysis, in US Bank, the court said that the HOA's failure there to give statutory notice to the beneficiary, combined with a sales price that was somewhere between 10 to 15% of the property's market value, they didn't have the correct number of the records because that hadn't been established. But basically, they said that quote, prevents a classic claim or presents a classic claim for equitable relief under the line of cases regarding inadequate price plus fraud, oppression or unfairness. So in this case, we have that classic claim for equitable relief, we have the market value, sorry, a price paid, that is only 3.5% of market value, even lower than what's at issue in the US Bank. So below, the district courts, frankly, didn't perform any analysis at all with respect to the Shadow Canyon, Shadow Wood Golden line of cases, which is the inadequate price plus, etc. analysis. The court instead relied upon a case called West Sunset 2050 Trust. Now, we would argue that the US Bank case doesn't necessarily overrule that but largely changes the analysis. But even if there's any element of that case that still remains, it is distinguishable because in that case, the lender NationStar was assigned the beneficial interest in the deed of trust for the HOA sale, and in fact, received that deferral notice of the sale. And its argument was that its predecessor, Bank of America did not receive a notice at all. And so basically, the court said, well, you still have the chance to challenge the sale in some way, because you received notice of the sale. That's not the facts here. Chase actually wasn't assigned this deed of trust until after the court itself. And so the only way that any party could have done something to challenge the sale was if MERS got the notice and actually did something. We didn't get the notice. And Chase then ascended and achieved. Very quickly going to move on to the other actual scenario, which is the letter. So while not sending the actual notice of default and notice of sale to the do, let's send a letter to MetLife Home Loans, which was the lender under the deed of trust. And that letter says, the associations lean for delinquent assessments in junior only to the senior lender slash mortgage holder. And courts, not in any published decision review, but several courts, both in the federal district here, and in the Nevada Supreme Court have that same letter, that language is sufficient for a binding of fraud, oppression, and unfairness. And so I would propose to you that combined with the failure to send a notice, those are the two factors that weigh in favor of setting aside the sale here. And I will reserve the remainder of my time for a little less than a minute. Thank you. Just had to unmute my microphone. Good morning, your honors. Michael Boone on behalf of Shire Hampton Street Trusts. If you look at the arguments of the appellant, they're kind of contradictory. On the one hand, they claim that they didn't get proper notice because notices were not sent to MERS, yet they're claiming they were prejudiced against the because the same lender that was sent the notices were also sent the Red Rock letter. And they're trying to make that Red Rock letter the basis to find fraud, oppression, or unfairness. But the arguments contradict themselves because the person or the entity with the interest in the deed of at the time MetLife Bank now assigned to Chase. So on the one hand, they say the sale is bad because you didn't send notice to MERS. They're all saying but the sale is also bad because you sent a letter to Red Rock. The Red Rock letter got sent to the lender. And my point is, it was supposed to go to lender the entire time. The lender is the party that has all the rights under the deed of trust. I am aware of the PNC case, which came out just a few months ago. It's an unpublished case. It's not a binding case. And clearly MERS is a beneficiary under the deed of trust. But MERS under Nevada case law is merely an agent for the lender. And it says right in the deed of trust, it's nominee. You read the deed of trust, it says throughout the rights of the lender, the lender may do this, the lender may do that. Nothing about the control of the loan and the servicing of the loan, and not MERS. Let me ask you, Mr. Bone, then, in the Nevada Supreme Court case, which refers to the beneficiary of a deed of trust, which I think you just said is MERS. It says there that that beneficiary is entitled to notice. So on just the notice question, not prejudice. How does your position square with the Nevada Supreme Court? Well, first of all, the PNC case is an unpublished decision. And in the days of computers, the last 10 years, even though you're not supposed to cite unpublished cases, they're cited all the time, even in reported decisions. It's not a published decision. Number one. Number two, the Edelstein case, if you with a statute that required the beneficiary to show up to the mediation program, and they determined that under the terms of the deed of trust, Edelstein was a beneficiary. Now the foreclosure statute refers to I don't think you're answering my question. I hear you about the unpublished decision out of the Nevada Court of Appeals. My And it's requirement of notice to a beneficiary. So are you saying now, in your view, of course, that MERS is not a beneficiary? Or what is your position? Because you haven't really addressed the Nevada Supreme Court. I understand. Okay. The statute refers to a person with an interest in the deed of trust, not the beneficiary. 107090 refers to a party with an interest or person with an interest. And it's our position that this if the statute said beneficiary, yes, absolutely would have to be sent to MERS. But the statute doesn't say beneficiary. The statute says person with an interest. And if you read the deed of trust, the person with an interest is the lender, because the lender is given all the rights. I will also point out that on paragraph 13 of the deed of trust, which is page seven of 11 of the deed of trust, it's in the supplemental record on appeal page 90 talks about notices. Any notice to a lender shall be given by first class mail to lenders address stated herein or any address lender designates by notice to borrower any notice provided for the security interest shall be deemed to be given to borrower and lender when given as provided in this under the terms of the deed of trust are supposed to be sent to the lender. That's our position under the definition of lender under the deed of trust that sits within the person with an interest. So we would have to basically ignore whatever non binding but persuasive value the PNC case had, which talked about MERS as a beneficiary under 107090 to adopt your position. Um, yes, I, yes, I will also count point out if I may, as part of our motion versus army judgment upon which was granted, we had sent interrogatories to Chase Bank and receive them. And the interrogatories are located. Pardon, starting on page 155 on a supplemental record. And I asked questions about, uh, notice, uh, communication with the HOA, communication with the servicers and how you handle association liens. And especially when I asked you what defects in the notice, their response was objection, objection, objection. If you read and then it goes on to say, um, you know, we'll supplement this record later. So during discovery, they made no objections to the notices. And the first report on notice of an issue of notice was at the time of the summary judgment. Um, so I think I've covered those issues. I will point out, you know, if you were to say that MERS was entitled to notice, it would be a violation of Nevada, as said, two things. If you've got notice from, you have to, if there's notice from other parties, you can, what the, the alleged effect of notice can be waived. And you also have to show that you were prejudiced by the lack of notice. They have not done either of them here. Um, and I think it's clear again, going back to the Red Rock letter, they complain, oh, we, we got the Red Rock letter. We got the Red Rock letter. That constitutes fraud, oppression, or unfairness. Um, switching gears a little bit here. The, the case law has shifted and it's the U.S. Bank case that says informally failure to give notice there would render the sale void. It only renders the sale potentially voidable under the U.S. Bank. You have to look at things like, did they get notice from other sources and were they prejudiced? And counsel has admitted they did not establish prejudice. Now in order to show fraud, oppression, or unfairness, everyone points at this Red Rock letter, but you have to look past that because you have to prove that there is some element of fraud, oppression, or unfairness that accounts for and brings about the inadequacy of price. So you have to show a causation between the alleged fraud, oppression, or unfairness, and the cause of the low price. And they have not done that. There was absolutely no showing that anyone at the sale knew about the letter that anyone kept away from the sale, none of those issues. So they have failed to establish a link between the alleged fraud, oppression, or unfairness, meaning the letter and the price that was brought about. And I would also submit it is not necessarily an inadequate price. If you look at the Shadow Canyon case, the Nevada Supreme Court specifically rejected the 20% rule from the restatement and said it's a case by case analysis. If you look at the restatement, it says things like if you're buying your property subject to a first deed of trust or you're getting unclear title, that's going to drive down the prices. This sale was before the Nevada Supreme Court issued its original decision in SFR saying yes, a foreclosure sale does extinguish the first deed of trust. So at the time, nobody knew what they were buying. And that also drove down the price of the properties. So they haven't established prejudice and they haven't established the link between the alleged fraud, oppression, or unfairness and the inadequacy of price. I'll also point out they don't have any proof from anyone at MERS or MetLife or Chase where they said we got the letter, we ignored our army of attorneys that we have across the country to evaluate these things. And we relied upon the letter to our detriment. There is nothing in there to show any reliance. And we cited case law, it's very simple when you're alluding fraud, you got to prove some sort of reliance and actual damages, they have not shown any damage. There is an unpublished Nevada Supreme Court case, which we did cite more than once in our brief, the La Calera case, a Satterquay Bay case, one of my cases, where the Supreme Court said exactly that you can't say the letter cause fraud, oppression, unfairness, unless you can show reliance and there's no reliance here. What was the fair market value of the property at the time of the sale? The bank submitted a appraisal showing the value of the property was $270,000. That's with a lot of contingencies, including the fact that it would be given clear title at the time of the sale, which is obviously didn't because here we are arguing years later before the appeals court. But the appraised value submitted on the summary judgment motion was $270,000. And the successful bid was 9000 something? The $9700, which was greater than the amount of the lien claimed by the HOA. Now this goes back to some of the original arguments, because the lien amounts are so small. And the UCIOA says this and the Nevada Supreme Court has said this a number of times. Yes, the lien amounts are so small, which is what makes it so easy for a bank to protect its interest. The bank has a number of remedies available, they can just pay the entire lien, they could figure out what the super priority portion is, and pay that they can get an injunction and stop the sale until that amount is determined. But they didn't take any steps whatsoever to protect their interest. And that goes to our equitable argument, you can't come to the court and ask for equity, unless you act and do something to protect your interest before the event happens, which never happened. I'm running short on time, I want to point out a couple things. There are statutory presumptions that the sales conducted properly, there are conclusive recitals in the deed regarding the default and the mailing of the notices. The Nevada Supreme Court has said these are both the recitals in the deed are a conclusive proof, absent grounds for equitable relief. Now if this court determines that notice should have gone to MERS, if you look at the PNC case, that says if it gets switched over to an equitable decision, then you have issues of fact. And if that's the case, then this court should remand to the district court to determine some of these sales was MERS prejudiced? Was there there was no prejudice? Was there any connection between the alleged fraud, oppression or unfairness and the price paid? You also have the issue of the bona fide purchaser where the status of bona fide purchaser would trump the equitable claims for relief. And of course, the finding of bona fide purchaser is an issue of fact, which is more better suited for a trial before the district court. I think I've gone through all my notes. I only have a few minutes left. I'm happy to submit it unless any of your honors have anything, any other questions for me? No, thank you. Thank you. Good morning, again, I will try to quickly address the points that were raised by opposing counsel. Regarding the discovery that was served in the case, it was appropriate at that time, because the discovery was served relatively early for us to not specify specific objections to notice because, again, this is a trust that was assigned to chase after the foreclosure itself. So we did not necessarily know what the notice situation was until we subpoenaed the records of the HOA and its foreclosure agent, Red Rock Financial Services. And those records made it clear that notices were not sent to MERS. And those records were provided to opposing counsel well, well prior to the summary judgment stage. So we would dispute the allegation that no objection to notice was raised until summary judgment. The fact that notes were given was not only in the documents, but also in the contact position when it was confirmed that they were not in the documents. I would also object to the characterization as our arguments being contradictory. I actually see them as two alternative bases, bases upon which the court can find that there is fraud, fraud, or unfairness here. If the court accepts the PNC Bank decision, we would suggest that the court must because of the Edelstein decision in 2012, which says Merz is a proven fiduciary. And the lack of notice to MERS under case law is a defect that constitutes fraud, fraud, or it is an unpublished decision and finds that the lender is the true party that's entitled to notice. Then the lender here, MetLife, received a letter that basically said, your name is protected. Our name is not prioritized. And so in either case, there is fraud, oppression, or unfairness. And I don't believe that those positions are protected. Also, there was a an argument that because the price, the TVO dominates, it's relatively easy for a bank to protect its interest. And I would point out again, that a bank cannot protect its interest if one, it doesn't have notice of the sale or two, it's being told, don't worry, our lien is not prior to yours. And that also ties into the argument that in the fraud oppression or unfairness must bring about the low sales price. And there is a case law, particularly with respect to the right to want letter, basically says that that follows naturally. Of course, there's going to be a lower sales price if the lender basically told, don't worry, your lien is protected, you don't need to do anything to sell and pay, you don't need to gain a super high lien. There's no reason that a lender would have taken any action, including going to court and seeking injunction to stop the sale, because they were insured by the HOA's agent, that this lien would not extinguish their lien. And the same is true of notice. Of course, there's going to be a lower sales price if the one party who has an interest to protect your deed of trust beneficiary doesn't get noticed, and so they don't do anything to protect their lien. So I would say, just as a matter of common sense, that both of those things do bring about a lower sales price. In fact, I think counsel himself acknowledged the fact that at that time, because no one knew what they were buying, they were paying less, because they might be buying an interest that is subject to, and that's exactly my point. If no one is there saying otherwise, the price is going to be lower. And why would anyone show up and say otherwise, because either they didn't have notice, or they were already told there was a reason to protect their interest. And finally, I think it was mentioned that prejudice was shown, and I'll just reiterate it again, that the U.S. Bank case says, you can still set aside a sale, even if you don't show prejudice, where you have the classic elements, as we do here, low price paid, and grossly inadequate price paid, 3.5% of the market value, and fraud, oppression, or unfairness. We have two elements that have been discussed. Thank you. Thank you to both counsel for your argument this morning. The case just argued Shorehampton Drive Trust versus JP Morgan is submitted. Thank you for your time, Your Honors. Thank you. We'll next hear argument in Lewis v. Salazar.
judges: Hawkins, McKeown, Kendall